**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>Robert Walsh, Jr.<br><br>        Debtor<br><hr><br>Robert Walsh, Jr.<br><br>        Plaintiff<br><br>v.<br><br>U.S. Department of Education<br><br>        Defendant | Chapter 7<br>Case No. 25-10215<br><br><br><br><br>Adversary Proceeding<br>No. 25-01004 |

**<u>ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT</u>**

Robert Walsh, Jr., sued the U.S. Department of Education, seeking a determination that his federal student loan debt, as described in his complaint (and on his bankruptcy forms), would not be excepted from the discharge that he has since been granted under 11 U.S.C. § 727(a). After the court clerk entered a default against the Department [Dkt. No. 8], Mr. Walsh applied to the Court for a default judgment [Dkt. No. 12].   *See* Fed. R. Civ. P. 55(a), (b)(2); *see also* Fed. R. Bankr. P. 7055.   He also later filed a supplemental affidavit to support his request [Dkt. No. 19].   The Department has not participated in this adversary proceeding.

Overall, through satisfactory evidence, Mr. Walsh has established that he is entitled to the relief sought in his complaint.   *See* Fed. R. Civ. P. 55(d).   His complaint contains well-pleaded factual allegations, accompanied by a partially completed attestation form.   And his supplemental affidavit provides additional disclosures and documentation.   None of this has been contested.   Taken together, the evidence shows that excepting the student loan debt from

1

discharge would impose an undue hardship on Mr. Walsh.[1]   *See* 11 U.S.C. § 523(a)(8).   That

conclusion can be reached under any formulation of the standard for dischargeability of student

loans in bankruptcy—whether the *Brunner* test, the totality-of-the-circumstances test, or any

other reasonably conceivable test.

Thus, given the above circumstances, Mr. Walsh's application for a default judgment is

granted.   The Court will enter such a judgment accordingly.

Dated: June 17, 2026

Michael A. Fagone
United States Bankruptcy Judge
District of Maine

---

[1] This is true even if Mr. Walsh were to reduce his monthly entertainment expenses dramatically. Given his advanced age, health issues, and limited prospects for supplementing a relatively modest income, Mr. Walsh's situation is such that he cannot pay off this debt within a rational period.

2